■ In the Matter of the Estate of KATHERINE B. JOBSON, Deceased. WILBERT T. BUHL et al., Appellants; MORGAN GUARANTY TRUST COMPANY OF NEW YORK et al., Respondents. [699 NYS2d 460] —In a proceeding for the construction and/or reformation of the decedent's will, the petitioners appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), entered October 8, 1998, as granted the respondents' motion for partial summary judgment dismissing the claim for reformation.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants personally.

The petitioners were bequeathed certain specific legacies that they concede are subject to the so-called Federal "generation-skipping transfer tax" (Internal Revenue Code [26 USC] § 2603 [b]) (hereinafter the GST tax). The issue on appeal is whether the GST tax is to be paid out of the residuary estate, as claimed by the petitioners, or by the petitioners directly, as contended by the respondent executors of the estate. The Surrogate's Court agreed with the respondents and we affirm.

Internal Revenue Code (26 USC) § 2603 (b) provides: "[u]nless otherwise directed pursuant to the governing instrument by *specific reference* to the tax imposed by this chapter, the tax imposed by this chapter on a generation-skipping transfer shall be charged to the property constituting such transfer" (emphasis added).

The decedent's will did not make a specific reference to the GST tax as required by Internal Revenue Code (26 USC) § 2603 (b) (*see, e.g., Matter of Estate of Tubbs,* 900 P2d 865). Hence, the Surrogate's Court properly determined that the petitioners failed to make out a prima facie case for reformation, and that they, not the residuary estate, should bear the burden of paying the GST tax. S. Miller, J. P., Altman, Schmidt and Smith, JJ., concur.